J-S24045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HECTOR J. LOPEZ | |
| Appellant | No. 699 MDA 2015 |

Appeal from the Order Entered March 9, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003429-2011

BEFORE: GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                          **FILED MAY 04, 2016**

Appellant, Hector J. Lopez, appeals from the order entered in the Luzerne County Court of Common Pleas, which denied his untimely first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On July 10, 2012, Appellant pled guilty to two counts each of possession of a controlled substance with the intent to deliver ("PWID") and conspiracy to commit PWID. The court sentenced Appellant on August 28, 2012, to concurrent terms of 5-10 years' imprisonment for each of the PWID convictions and 15-30 months' imprisonment for each of the conspiracy convictions. With respect to Appellant's PWID convictions, the court imposed the mandatory minimum sentence for each conviction per 18 Pa.C.S.A. § 7508 (requiring imposition of mandatory minimum sentence based on weight of drugs where defendant is convicted of PWID). Appellant

did not pursue direct review. On September 2, 2014, Appellant filed his first PCRA petition *pro se*. The court appointed counsel ("PCRA counsel"), who filed a brief in support of Appellant's *pro se* PCRA petition on September 16, 2014, arguing Appellant was entitled to relief based on *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding any fact increasing mandatory minimum sentence for crime is considered element of crime to be submitted to fact-finder and found beyond reasonable doubt). Appellant insisted *Alleyne* and its progeny declared unconstitutional the mandatory minimum sentencing statute under which Appellant was sentenced. Following a hearing on March 9, 2015, the court denied PCRA relief. Appellant timely filed a notice of appeal on April 8, 2015. The next day, the court permitted PCRA counsel to withdraw and appointed PCRA appellate counsel ("appellate counsel"). The court also ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b), which Appellant timely filed on April 24, 2015.

Preliminarily, appellate counsel has filed a *Turner*/*Finley*[1] brief and motion to withdraw as counsel. Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to *Turner* and *Finley*. *Commonwealth v. Karanicolas*, 836 A.2d 940 (Pa.Super. 2003).

---

[1] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

> [C]ounsel must…submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel. *Id.* "Substantial compliance with these requirements will satisfy the criteria." *Karanicolas, supra* at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and a *Turner/Finley* brief detailing the nature of counsel's review and explaining why Appellant's issue lacks merit. Counsel's brief also demonstrates he reviewed the certified record and determined the record was devoid of meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding his rights. Thus, counsel substantially complied with the *Turner/Finley* requirements. *See Wrecks, supra*; *Karanicolas, supra*. In response to counsel's motion to withdraw and "no-merit" brief, Appellant filed a *pro se* motion to withdraw this appeal, agreeing with counsel that he has no meritorious issues for review. We also agree Appellant's sole issue involving *Alleyne* and its progeny affords him no relief, where Appellant's current PCRA petition is untimely. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (holding that even if *Alleyne* announced new constitutional right, neither

our Supreme Court nor United States Supreme Court has held that **Alleyne** applies retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA). **See also Commonwealth v. Ruiz**, 131 A.3d 54 (Pa.Super. 2015) (explaining **Alleyne** does not invalidate illegal mandatory minimum sentence when claim was presented in untimely PCRA petition). Accordingly, we grant both counsel's petition to withdraw and Appellant's *pro se* motion to withdraw the appeal.

Appeal withdrawn; motion to withdraw as counsel is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2016